IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HEIDINGER,<br><br>          Petitioner,<br><br>  v.<br><br>JAMES A. YATES,<br><br>          Respondent.<br>_____ | No. C 06-2832 MMC (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 3)** |

On April 26, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

In his petition, petitioner states that in 2003, he was convicted in Monterey County Superior Court and was sentenced to a term of 25 years to life in state prison. He states that in 2004, he appealed the conviction and sentence to the California Court of Appeal, that the case was remanded for resentencing, and that later the same year he filed a petition for review in the California Supreme Court, which was denied.[1] Petitioner further states that at

---

[1] The petition indicates petitioner has filed the following additional matters in the state courts: an "appeal" to the California Court of Appeal in 2006, which was denied; a habeas petition in the Fresno County Superior Court, which was denied; and requests for transcripts and court files from the Monterey County Superior Court, which were denied. On May 15, 2006, a habeas petition filed earlier in this district was dismissed without prejudice for failure

the time he filed the instant federal habeas petition, he had a petition, appeal or other post-conviction proceeding pending in the California Supreme Court.  <u>See</u> Form Petition at 5; <u>see also id.</u> at 3.

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court.  <u>See</u> 28 U.S.C. § 2254(b)-(c); <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983).  If a post-conviction challenge to a criminal conviction is pending in state court, a potential federal habeas petitioner must await the outcome of that challenge before his state remedies are considered exhausted.  <u>See id.</u>  This rule applies irrespective of whether the issue raised in the pending state petition is included in the federal petition, for the reason that a pending state court challenge may result in a reversal of the petitioner's conviction, thereby mooting the federal petition.  <u>See id.</u> (citations omitted).

As petitioner has a petition, appeal or other post-conviction proceeding pending in the California Supreme Court, the instant petition for a writ of habeas corpus is hereby DISMISSED, without prejudice to petitioner's refiling his claims after all state court post-conviction challenges to petitioner's conviction have been completed and all claims petitioner wishes to raise in federal court have been exhausted in accordance with 28 U.S.C. § 2254(b)-(c).  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates Docket No. 3.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 19, 2006

_____
MAXINE M. CHESNEY
United States District Judge

---

to present a case or controversy.  <u>See</u> <u>Heidinger v. Yates</u>, No. 06-0506 MMC (PR).